## KUNKEL v. FORD MOTOR CO.

Circuit Court of Appeals, Sixth Circuit. November 10, 1928.

No. 4924.

William Cyrus Rice and Cyrus W. Rice, both of Grand Rapids, Mich. (Earl C. Pugsley, of Hart, Mich., on the brief), for appellant.

Homer C. Underwood and Charles R. Halbert, both of Detroit, Mich. (Clifford B. Longley, of Detroit, Mich., on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM. Infringement suit upon patent 1,424,144, issued to Kunkel July 25, 1922, for a cover for battery boxes. It had been customary in Ford cars to suspend beneath the car floor the storage battery, comprising two or more cells. These cells needed to be filled occasionally, and each cell had a stoppered top opening for that purpose. Observing that water and dirt accumulated injuriously on the top of the battery box, Kunkel provided a cover to be attached semipermanently over the top of the box; and, in order that the cells might be filled without the trouble of removing the entire cover, he made a small opening through the cover over the filling places, and closed this opening with an auxiliary cover which could be easily removed and replaced. His patent covers this idea, and, we assume without deciding, broadly enough to make defendant's form an infringement.

We do not overlook the merit of simplicity which the device has, nor the fact that it had a large acceptance when introduced by plaintiff, and was copied by defendant; yet we must conclude that these considerations are not sufficient to show inventive novelty. A larger primary cover, having a smaller opening and a secondary cover, was a common expedient in many familiar locations. At least so far as applicable to this situation, we must agree with defendant's expert that, "This idea of a main cover with a hole covered by a smaller cover is a matter of such notorious and general antiquity that there can be no novelty in applying this old idea in a particular situation."

The cases which support this conclusion are too familiar to require citation; it is only the application of them which determines the classification of a particular case. The lack of patentable novelty is, in our judgment, too clear to be put into doubt by anything shown on this record.

The decree of the court below, which dismissed the bill, is affirmed.